UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COLUMBUS STATE BANK, | § | |
| | § | |
| Interpleader, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-350 |
| | § | |
| CHARLES ROBERSON, *et al*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

By prior Order (D.E. 49) in this interpleader, the Court determined that the claim of the United States (Government) was superior to that of T. Hardie Bowman (Bowman) because the Government had properly perfected its tax liens prior to the transaction by which Bowman asserts his claim. Affirmative relief was not granted to the Government at that time because the Government's motion was not yet ripe for decision. D.E. 49, p. 3 n.1. Now before the Court is the Government's motion for partial summary judgment, seeking a determination that its claim has priority over the only other claimant, Bowman, and that it should recover the cash deposit that is the subject of this interpleader (D.E. 46).

Bowman filed a motion to reconsider the prior order, together with his summary judgment response (D.E. 52). Bowman now argues that he should be granted a superior position because he claims through Roberson EMS, a separate Texas corporation, the rights of which were not adjudicated in the prior proceedings. In support of his position, Bowman has submitted an affidavit, all substantive portions of which the Government has moved to strike (D.E. 55). The Court SUSTAINS the Government's objections to

Bowman's affidavit testimony and GRANTS the Government's motion to strike (D.E. 55).

The Government has supplied the Declaration of Kevin Limerick (D.E. 56-1), which establishes that no corporate entity operating under the name of Roberson EMS or any variation thereof, ever filed a corporate tax return. Instead, Roberson EMS was treated as a sole proprietorship on a Schedule C to the Roberson's personal tax return, which Bowman himself prepared. *E.g.*, D.E. 56-1, p. 8. The Government's search for corporate documents with the Secretary of State yielded nothing for Roberson EMS or any variation thereof. Declaration of Holly Church, D.E. 56-1, pp. 10-11.

Bowman has failed to offer any evidence that Roberson EMS met the formal requirements for operating as a Texas corporation. Neither has Bowman offered any authority for treating a business as a corporation without these formalities having been met. The evidence is insufficient to raise a fact issue on whether Roberson EMS was actually a corporate entity and the Court FINDS as a matter of law that Roberson EMS was a sole proprietorship of Charles E. Roberson.

For the reasons stated in the prior Order (D.E. 49), the Court determines that the Government's claim has priority over Bowman's and the amount of the Government's claim encumbers the entire cash deposit at issue. The Court GRANTS the Government's motion for partial summary judgment (D.E. 46) and ORDERS the interplead funds, together with any interest earned thereon, to be disbursed to the United States.

ORDERED this 26th day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE